Revised 05/01 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

2004 NOV 19 PM 2:00

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

04 CV 0917 JCSR

## 1. CAPTION OF ACTION

A.  **Full Name And Prisoner Number of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. Greene Berry Mullen, DIN# 98-B-1724
2. _____

-VS-

B.  **Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Gerald Skinner             4. David Rodrigues
2. Robert Hill                5. Darnyl Parker
3. Sylvestre Acosta           6. Paul Skinner        9. Joel Daniels
7. Rene Gil                   8. John Ferby          10. Frank J. Clark

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Greene Berry Mullen, DIN# 98-B-1724

Present Place of Confinement & Address: Groveland Correctional Facility
7000 Sonyea Road / Sonyea, New York 14556

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address:_____

_____

_____

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: __Gerald Skinner__

(If applicable) Official Position of Defendant: __ex-Buffalo City Police Officer__

(If applicable) Defendant is Sued in __xxx__ Individual and/or __xxx__ Official Capacity

Address of Defendant: __Buffalo Police Department, 74 Franklin Street__
__Buffalo, New York 14202__

Name of Defendant: __Robert Hill__

(If applicable) Official Position of Defendant: __ex-Buffalo City Police Officer__

(If applicable) Defendant is Sued in __xxx__ Individual and/or __xxx__ Official Capacity

Address of Defendant: __Buffalo Police Department, 74 Franklin Street__
__Buffalo, New York 14202__

Name of Defendant: __Sylvestre Acosta__

(If applicable) Official Position of Defendant: __ex-Buffalo City Police Officer__

(If applicable) Defendant is Sued in __xxx__ Individual and/or __xxx__ Official Capacity

Address of Defendant: __Buffalo Police Department, 74 Franklin Street__
__Buffalo, New York 14202__

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.   Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**
     Yes_____   No__xxx__

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.   Name(s) of the parties to this other lawsuit:

     Plaintiff(s):_____

     Defendant(s):_____

**DEFENDANT'S INFORMATION**

Name of Defendant:  David Rodrigues

(If applicable) Official Position of Defendant: ex-Buffalo Police Officer

(If applicable) Defendant is Sued in xxx individual

and/or xxx Official Capacity

Address of Defendant:  Buffalo Police Department, 74 Franklin Street
    Buffalo, New York 14202


Name of Defendant: Darnyl Parker

(If applicable) Official Position of Defendant: ex-Buffalo Police Officer

(If applicable) Defendant is Sued in xxx individual

and/or xxx Official Capacity

Address of Defendant:  Buffalo Police Department, 74 Franklin Street
    Buffalo, New York 14202


Name of Defendant:  Paul Skinner

(If applicable) Official Position of Defendant: ex-Buffalo Police Officer

(If applicable) Defendant is Sued in xxx individual

and/or xxx Official Capacity

Address of Defendant:   Buffalo Police Department, 74 Franklin Street
    Buffalo, New York 14202


Name of Defendant: Rene Gil

(If applicable) Official Position of Defendant: ex-Buffalo Police Officer

(If applicable) Defendant is Sued in xxx individual

and/or xxx Official Capacity

Address of Defendant:  Buffalo Police Department, 74 Franklin Street
    Buffalo, New York 14202

Name of Defendant: John Ferby

(If applicable) Official Position of Defendant: ex-Buffalo Police Officer

(If applicable) Defendant is Sued in _xxx_ individual

and/or _xxx_ Official Capacity

Address of Defendant:  Buffalo Police Department, 74 Franklin Street
    Buffalo, New York 14202


Name of Defendant: Joel Daniels

(If applicable) Official Position of Defendant:

(If applicable) Defendant is Sued in _xxx_ individual

and/or _____ Official Capacity

Address of Defendant: 444 Statler Towers
    Buffalo, New York 14202


Name of Defendant:  Frank J. Clark

(If applicable) Official Position of Defendant: Erie County District Attorney

(If applicable) Defendant is Sued in _xxx_ individual

and/or _xxx_ Official Capacity

Address of Defendant:  Erie County District Attorney's Office
    25 Delaware Avenue / Buffalo, New York 14202

2. Court (if federal court, name the district; if state court, name the county):_____

_____

3. Docket or Index Number:_____

4. Name of Judge to whom case was assigned:_____

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

    Is it still pending? Yes_____ No_____

        If not, give the approximate date it was resolved._____

    Disposition (check the statements which apply):

    ____ Dismissed (check the box which indicates why it was dismissed):

        ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

        ____ By court for failure to exhaust administrative remedies;

        ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

        ____ By court due to your voluntary withdrawal of claim;

    ____ Judgment upon motion or after trial entered for

        ____ plaintiff

        ____ defendant.

B. Have you begun **any other lawsuits in federal court** which **relate to your imprisonment**?

    Yes_____ No **XXX**

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

    Plaintiff(s):_____

_____

    Defendant(s):_____

_____

2. District Court:_____

3. Docket Number:_____

4. Name of District or Magistrate Judge to whom case was assigned:_____

3

5.     The approximate date the action was filed:_____

6.     What was the disposition of the case?

        Is it still pending? Yes_____ No_____

           If not, give the approximate date it was resolved._____

       Disposition (check the statements which apply):

       ____ <u>Dismissed</u> (check the box which indicates why it was dismissed):

           ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

           ____ By court for failure to exhaust administrative remedies;

           ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

           ____ By court due to your voluntary withdrawal of claim;

       ____ <u>Judgment</u> upon motion or after trial entered for

          ____ plaintiff

          ____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

4

## Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

**A. FIRST CLAIM:** On (date of the incident) ___see page 5a___,
defendant (give the **name and position held** of **each defendant** involved in this incident) ___see page 5a___

did the following to me (briefly state what each defendant named above did): ___see page 5a___

The constitutional basis for this claim under 42 U.S.C. § 1983 is: ___see page 5a___

The relief I am seeking for this claim is (briefly state the relief sought): ___see page 5a___

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _____ Yes __xxx__ No   If yes, what was the result? ___

Did you appeal that decision? _____ Yes _____ No   If yes, what was the result? ___

*Attach copies of any documents that indicate that you have exhausted this **claim**.*

5

The first week of September, 1997 at approximately 8:00 pm on the corner of 405 E. Ferry Street and Roehrer in the city of Buffalo, New York the Defendants: Gerald Skinner, a Buffalo police officer; Robert Hill, a Buffalo police officer; Sylvestre Acosta, a Buffalo police officer; David Rodrigues, a Buffalo police officer; Darnyl Parker, a Buffalo police officer; Paul Skinner, a Buffalo police officer; Rene Gil, a Buffalo police officer; and John Ferby, a Buffalo police officer abducted Mr. Mullen and illegally transported Mr. Mullen to 532 E. Ferry Street in Buffalo, New York.

At the time Mr. Mullen resided at the above stated address and upon arriving at 532 E. Ferry Street the above named Defendants entered Mr. Mullen's home and took Mr. Mullen property of $1200.00 cash money.

The constitutional basis for this claim under 42 U.S.C. § 1983 is under the Fourth Amendment, United States Constitution, a person cannot be subjected to an unreasonable search and seizure. Moreover, the above named Defendants violated Mr. Mullen's right to equal protection of the law to remain free from unreasonable searches and seizures.

The relief Mr. Mullen is seeking is for each above named Defendant pay $133.33 in compensatory damages and each above named Defendant pay $50,000.00 in punitive damages.

If you did not exhaust your administrative remedies, state why you did not do so: _____
_____This claim is not a prison related issue._____

---

**A. SECOND CLAIM:** On (date of the incident) _____see 6a_____see page 6a_____,
defendant (give the **name and position held** of **each defendant** involved in this incident) _____
_____
_____see page 6a_____
did the following to me (briefly state what each defendant named above did): _____
_____
_____see page 6a_____
_____
_____
_____
_____

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _____see page 6a_____
_____

The relief I am seeking for this claim is (briefly state the relief sought): _____
_____see page 6a_____
_____

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? _____ Yes __xxx__ No   If yes, what was the result? _____
_____

Did you appeal that decision? _____ Yes _____ No   If yes, what was the result? _____
_____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____
_____This claim is not a prison related issue._____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

6

In August, 1997 the Defendant, Mr. Joel Daniels, a lawyer admitted to the bar in 1963 was retained by Mr. Mullen to represent him on a pending criminal charge. Subsequently, Mr. Mullen told the Defendant that he was robbed by officers on the Buffalo police force. The Defendant, instead of investigating Mr. Mullen's complaint showed a lack of concern and disbelief. Moreso, the Defendant implied that Mr. Mullen was not being forthright with his story.

The constitutional basis for this claim under 42 U.S.C. § 1983 is that Mr. Daniel had a fiduciary duty to investigate Mr. Mullen's complaint. Mr. Daniels had been paid in full and could not escape the responsibility of being an officer of the court and to report any crime that had taken place.

The relief Mr. Mullen is seeking is $150.00 in compensatory damages and $50,000.00 in punitive damages.

**THIRD CLAIM:**

Mr. Mullen made out a sworn affidavit dated April 9, 2004 charging the Defendants: Gerald Skinner, Robert Hill, Sylvestre Acosta, David Rodrigues, Darnyl Parker, Paul Skinner, Rene Gil and John Ferby, all ex-Buffalo police officers with kidnapping, robbery and burglary. This affidavit was mailed to Frank J. Clark, District Attorney-Erie County. Mr. Mullen was informed by a letter dated April 14, 2004 that the District Attorney's Office does not file complaints on behalf of the public.

The constitutional basis for this claim under 42 U.S.C. § 1983 is that the Defendant failed to protect Mr. Mullen's right to due process of law and equal protection. Moreso, the Defendant did not investigate the complaint, or question Mr. Mullen about the detailed incident. Moreover, the Defendant denied Mr. Mullen access to the court and used his position to protect rouge cops.

The relief Mr. Mullen is seeking is $150.00 in compensatory damages and $50,000.00 in punitive damages.

Mr. Mullen did not grieve this claim because it is not a prison related issue.

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Each Defendant pay the stated compensatory damages and each Defendant pay the Plaintiff $50,000.00 in punitive damages to deter future behavior.

Do you want a jury trial?  Yes _____  No _XXX_

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on _November 16, 2004_
(date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_Queene B Mullen    Pro-Se_

Signature(s) of Plaintiff(s)

7